## UNITED STATES COURT OF INTERNATIONAL TRADE
## NEW YORK, NEW YORK

BEFORE: UNASSIGNED

|  |  |
|---|---|
| CANADIAN SOLAR INTERNATIONAL LIMITED, CANADIAN SOLAR (USA), INC., CANADIAN SOLAR MANUFACTURING (CHANGSHU), INC., CANADIAN SOLAR MANUFACTURING (LUOYANG), INC., CSI CELLS CO., LTD., CSI-GCL SOLAR MANUFACTURING (YANCHENG) CO., LTD., AND CSI SOLAR POWER (CHINA) INC.<br><br>    Plaintiffs,<br><br>    v<br><br>UNITED STATES,<br><br>    Defendant | Case No. 17-00173 |

## COMPLAINT

Pursuant to Rule 3(a)(2) of the Rules of the United States Court of International Trade, Plaintiffs Canadian Solar International Limited; Canadian Solar (USA), Inc.; Canadian Solar Manufacturing (Changshu), Inc.; Canadian Solar Manufacturing (Luoyang), Inc.; CSI Cells Co., Ltd.; CSI-GCL Solar Manufacturing (YanCheng) Co., Ltd.; and CSI Solar Power (China) Inc. (collectively, "Canadian Solar"), by and through undersigned counsel, allege and state as follows:

### ADMINISTRATIVE DETERMINATION TO BE REVIEWED

1. Canadian Solar contests certain aspects of the final results issued by the U.S. Department of Commerce, International Trade Administration ("Commerce"), in its third administrative review of the antidumping duty order on crystalline silicon photovoltaic cells,

whether or not assembled into modules, from the People's Republic of China, Case No. A-570-979.  The final determination was published as *Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled Into Modules, From the People's Republic of China: Final Results of Antidumping Duty Administrative Review and Final Determination of No Shipments*, 82 Fed. Reg. 29,033 (Dep't Commerce, June 27, 2017) ("*Final AD Determination*").  This appeal also contests certain aspects of Commerce's accompanying Issues and Decision Memorandum for the Final Results of the 2014-2015 Antidumping Duty Administrative Review of Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled into Modules, From the People's Republic of China, dated June 20, 2017 ("*Final Results Issues and Decision Memo*").  The period of review ("POR") was December 1, 2014 through November 30, 2015.

## JURISDICTION

2.     This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1581(c).  That section confers on the U.S. Court of International Trade exclusive jurisdiction to review final antidumping duty determinations issued by Commerce under Section 516A(a)(2)(A)(i) and (B)(iii) of the Tariff Act of 1930, *as amended*, 19 U.S.C. § 1516a(a)(2)(A)(i) and (B)(iii).

## NAME AND STANDING OF PLAINTIFF

3.     Canadian Solar International Limited ("CSIL"); Canadian Solar Manufacturing (Changshu), Inc.; Canadian Solar Manufacturing (Luoyang), Inc.; CSI Cells Co., Ltd.; CSI-GCL Solar Manufacturing (YanCheng) Co., Ltd.; and CSI Solar Power (China) Inc. are foreign producers and/or exporters of crystalline silicon photovoltaic products, whether or not assembled into modules, from the People's Republic of China.  Canadian Solar (USA), Inc. is a U.S. importer of crystalline silicon photovoltaic products, whether or not assembled into modules, from the People's Republic of China.  CSIL was selected as a mandatory respondent in the

administrative review that is the subject of this action, and all of the aforementioned Canadian Solar entities actively participated in the same proceeding through submission of factual argument and/or written argument. Canadian Solar is therefore an interested party within the meaning of section 771(9)(A) of the Act, 19 U.S.C. § 1677(9)(A), and has standing to bring this action under 28 U.S.C. § 2631(c) and 19 U.S.C. § 1516a(d).

### TIMELINESS OF THIS ACTION

4.     Section 516A(a)(2)(A)(i) of the Act requires that, in actions challenging Commerce's determinations described in Section 516A(a)(2)(B)(iii), the summons must be filed within thirty (30) days of the date of publication in the *Federal Register* of the determination, and the complaint must be filed within thirty (30) days thereafter. 19 U.S.C. § 1516a(a)(2)(A)(i). On July 10, 2017, within thirty (30) days after the publication of the Final Determination on June 27, 2017, Canadian Solar filed a summons and complaint with this Court. Thus, this action is timely brought.

### STANDARD OF REVIEW

5.     This Court reviews final determinations issued by Commerce pursuant to 19 U.S.C. § 1675(a) to determine whether they are "unsupported by substantial evidence on the record, or otherwise not in accordance with law." 19 U.S.C. § 1516a(b)(1)(B)(i).

### STATEMENT OF FACTS

6.     On December 7, 2012, Commerce published in the *Federal Register* the amended final determination and antidumping duty order covering crystalline silicon photovoltaic cells, whether or not assembled into modules, from the People's Republic of China. *Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled Into Modules, From the People's Republic*

*of China: Amended Final Determination of Sales at Less Than Fair Value, and Antidumping Duty Order*, 77 Fed. Reg. 73,018 (Dep't Commerce, December 7, 2012).

7. On February 9, 2016, Commerce published a notice initiating the third antidumping administrative review, covering a period of review ("POR") from December 1, 2014 through November 30, 2015. *Initiation of Antidumping and Countervailing Duty Administrative Reviews*, 81 Fed. Reg. 6832, 6835 (Dep't Commerce, February 9, 2016) ("*Initiation Notice*").

8. On March 28, 2016, Commerce selected two mandatory respondents – (1) Canadian Solar International Limited, and (2) Trina Solar, consisting of Changzhou Trina Solar Energy Co., Ltd., Trina Solar (Changzhou) Science and Technology Co., Ltd., and other affiliated companies (collectively, "Trina"). *Final AD Determination*, 82 Fed. Reg. at 29,034. Commerce ultimately "collapsed" CSIL with affiliated companies Canadian Solar Manufacturing (Changshu), Inc.; Canadian Solar Manufacturing (Luoyang), Inc.; CSI Cells Co., Ltd.; CSI-GCL Solar Manufacturing (YanCheng) Co., Ltd.; and CSI Solar Power (China) Inc. Memorandum from Jeff Pedersen, Senior International Trade Compliance Analyst, Office IV to Abdelali Elouaradia, Director, Office IV, Re: Affiliation and Single Entity Memorandum for Canadian Solar International Limited (Dep't Commerce, December 16, 2016).

9. Canadian Solar submitted questionnaire responses to Commerce's initial AD questionnaire, a questionnaire regarding double remedies, supplemental questionnaires, and other factual submissions from April 2016 through December 2016. *See* Issues and Decision Memorandum for Preliminary Results of the 2014-2015 Antidumping Duty Administrative Review of Crystalline Silicon Photovoltaic Cells, Whether or not Assembled into Modules, From the People's Republic of China, Case No. 570-979 (Dep't Commerce, December 16, 2016)

("*Preliminary Results Issues and Decision Memo*") at 2. Canadian Solar also submitted comments on surrogate country selection and surrogate values ("SVs") from June 2016 through October 2016. *Id.* at 3.

10. On December 22, 2016, Commerce published in the *Federal Register* the preliminary results of its third administrative review. *Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled Into Modules, From the People's Republic of China: Preliminary Results of Antidumping Duty Administrative Review and Preliminary Determination of No Shipments; 2014–2015*, 81 Fed. Reg. 93,888 (Dep't Commerce, December 22, 2016) ("*Preliminary Results*"). Commerce assigned weighted-average dumping margins of 30.42% to Canadian Solar and 7.72% to Trina. *Id.*

11. In the *Preliminary Results*, Commerce applied partial Adverse Facts Available ("AFA") to calculate Canadian Solar's dumping margin on the basis that certain unaffiliated suppliers of solar cells and/or solar modules did not report their factors of production ("FOPs"). To account for the missing information, as partial AFA in the *Preliminary Results*, the Department applied the highest consumption quantity reported for each FOP that Canadian Solar used to produce solar cells and solar modules. *See* Memorandum from Jeff Pedersen, International Trade Analyst, to Abdelali Elouaradia, Director, AD/CVD Operations, Office IV, Re: Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled into Modules, from the People's Republic of China: Unreported Factors of Production (Dep't Commerce, Dec. 16, 2016).

12. In the *Preliminary Results*, Commerce also adopted an SV for the consumption of module glass based on Thai import data for tempered glass, classified under HTS category 7007.19.90000 (*i.e.*, Toughened (Tempered) Safety Glass, Not Suitable For Incorporation In

Vehicles, Aircraft, Spacecraft Or Vessels; Other).  *See* Memorandum from Jeff Pedersen, International Trade Analyst, to the File, Re: 2014-15 Administrative Review of Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled into Modules, from the People's Republic of China: Factor Valuation Memorandum (Dep't Commerce, Dec. 16, 2016) at Attachment II.

13. In the *Preliminary Results*, Commerce adopted an SV for nitrogen gas that was based upon Thai import data for HTS category 2804.3000000 (*i.e.*, Hydrogen, rare gases and other non-metals; Nitrogen).  *Id.*.

14. In the *Preliminary Results*, Commerce adopted an SV for silver paste that was based upon Thai imports under classified under HTS category 7115.9010 ("Articles {not elsewhere specified} of precious metal or of metal clad with precious metal; Of gold or silver").  *Id.*

15. Canadian Solar timely submitted its original case brief on January 25, 2017, and submitted a revised case brief on April 10, 2017, in accordance with Commerce's instructions. On February 3, 2017, Canadian Solar submitted its rebuttal case brief.  Canadian Solar requested a hearing on January 23, 2017, and, on May 15, 2017, Commerce held a hearing on issues limited to the case briefs and rebuttal briefs submitted by Canadian Solar and other parties. *Final Results Issues and Decision Memo* at 3.

16. On June 27, 2017, Commerce published its *Final AD Determination* in the *Federal Register*, 82 Fed. Reg. 29,033 (Dep't Commerce, June 27, 2017).  Commerce, with certain adjustments, continued to apply partial AFA to calculate Canadian Solar's dumping margin on the basis of the missing FOPs.  Furthermore, over the objections raised by Canadian Solar, Commerce continued to use the same SVs for nitrogen gas, module glass, and silver paste

relied on in the *Preliminary Results*. Commerce assigned weighted-average dumping margin of 13.07% to Canadian Solar and 4.66% to Trina.

## STATEMENT OF CLAIMS

### COUNT ONE

17. Paragraphs 1 to 16 are adopted and incorporated herein by reference.

18. Commerce's application of partial AFA on the basis of certain unaffiliated suppliers' failure to report their factors of production ("FOPs") is not supported by substantial evidence on the record and is otherwise not in accordance with law.

19. Commerce's application of an adverse inference in the selection facts available for the missing FOP data is unlawful and is not supported by substantial evidence on the record because Canadian Solar cooperated to the best of its ability in the administrative review with respect to the missing data.

20. Commerce's related findings, *see Final Results Issues and Decision Memo* at 16, that (1) the unaffiliated suppliers are "interested parties" for purposes of this review, and (2) Canadian Solar was "in a position to exercise leverage to induce cooperation from its uncooperative solar cell and solar module suppliers," *id.*, are also not supported by substantial evidence and are not otherwise in accordance with law.

21. Finally, Commerce's decision to apply AFA, in part, based on the extent of the missing information, *id.* at 17, is not supported by substantial evidence and is otherwise not in accordance with law.

### COUNT TWO

22. Paragraphs 1 to 21 are adopted and incorporated herein by reference.

23. Commerce's selection of the SV for module glass consumed by Canadian Solar is not supported by substantial evidence on the record and is contrary to law. Commerce failed to rely on the "best information available" under 19 U.S.C. § 1677b(c)(1) by unlawfully and unreasonably relying on Thai import data for tempered glass, classified under HTS category 7007.19.90000 (*i.e.*, Toughened (Tempered) Safety Glass, Not Suitable For Incorporation In Vehicles, Aircraft, Spacecraft Or Vessels; Other), despite substantial record evidence that this value was aberrational and was not sufficiently specific to Canadian Solar's module glass consumption. Commerce unlawfully and unreasonably rejected benchmark prices proffered by Canadian Solar (including Canadian Solar's own market-economy purchases) demonstrating that the average unit value under HTS category 7007.19.90000 is aberrational and improperly found that the Thai import value is "within the range" of other benchmark values. *Final Results Issues and Decision Memo* at 48. Commerce also unlawfully and without substantial evidence on the record rejected evidence that Thai HTS category 7007.19.90000 was distorted by the presence of very low volume and aberrationally high-priced imports from Hong Kong. *Id.*

24. Commerce also unlawfully and unreasonably rejected the alternative, non-aberrational bases for valuing module glass proffered by Canadian Solar, including: (1) the use of imports into Thailand made under the more specific HTS category for float glass (*i.e.*, 7005.2990.0010); (2) excluding aberrational imports from Hong Kong from the Thai imports under 7007.19.90000; or (3) calculating a weighted-average surrogate value for module glass based upon glass type consumed by Canadian Solar (*i.e.*, float glass and tempered glass).

## COUNT THREE

25. Paragraphs 1 to 244 are adopted and incorporated herein by reference.

8

26. Commerce's use of Thai import data for HTS category 2804.3000000 (*i.e.*, Hydrogen, rare gases and other non-metals; Nitrogen) as its SV for Canadian Solar's consumption of nitrogen gas is not supported by substantial evidence on the record and is otherwise not in accordance with law.

27. Among other errors, Commerce unlawfully and unreasonably rejected benchmark prices proffered by Canadian Solar and Trina demonstrating that the average unit value for Thai imports under HTS category 2804.3000000 is aberrational and improperly found that the Thai import value is "within the range" of other benchmark values. Commerce also unlawfully and unreasonably refused to adjust the imports under Thai HTS category 2804.3000000 (*i.e.*, Hydrogen, rare gases and other non-metals; Nitrogen) to remove aberrationally high-valued imports from the United States and Switzerland that were grossly distorting the average. All of these findings are not supported by substantial evidence and are not otherwise in accordance with law.

## COUNT FOUR

28. Paragraphs 1 to 27 are adopted and incorporated herein by reference.

29. Commerce's use of Thai import data for HTS category 7115.9010 ("Articles {not elsewhere specified} of precious metal or of metal clad with precious metal; Of gold or silver") as its SV to value Canadian Solar's consumption of "silver paste" is not supported by substantial evidence or otherwise in accordance with law.

30. Among other errors, Commerce unlawfully and unreasonably rejected evidence that HTS 7115.9010 refers to silver as a precious metal and articles of precious metal or clad with precious metal and therefore does not reasonably reflect the input actually used by Canadian Solar in its production process.

31. Commerce also unlawfully and unreasonably rejected the non-aberrational and more specific, alternative SVs proffered by Canadian Solar, including: (1) the use of import values under Thai HTS 3824.9099.09 ("Prepared binders for foundry moulds or cores; chemical products and preparations of the chemical or allied industries (including those consisting of mixtures of natural products), not elsewhere specified or included, Other"); (2) using a weighted average of import values under Thai HTS 3824.9099.09 and Thai HTS 7115.9010 (weighted to reflect the percentage of silver contained in each of Canadian Solar's four silver paste inputs); or (3) valuing Canadian Solar's silver paste consumption that was reported in the "Silver Paste 1" data field with imports under Thai HTS 3824.9099.09.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court:

(a) hold that the *Final AD Determination* is unsupported by substantial evidence and otherwise not in accordance with law;

(b) remand the *Final AD Determination* with instructions to issue a new determination that is consistent with the Court's decision; and

(c) provide such other and further relief as this Court deems just and proper.

    Respectfully submitted,

    /s/ Craig A. Lewis
    Craig A. Lewis
    Jonathan T. Stoel

    HOGAN LOVELLS US LLP
    Columbia Square
    555 Thirteenth Street, N.W.
    Washington, DC 20004-1109
    (202) 637-8613
    craig.lewis@hoganlovells.com

    *Counsel to Canadian Solar*

Date: July 7, 2017