Slip. Op. 19-127

## UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| **CANADIAN SOLAR INTERNATIONAL LIMITED ET AL.,** | |
| **Plaintiffs and Consolidated Plaintiffs,** | |
| **and** | |
| **SHANGHAI BYD CO., LTD. ET AL.,** | |
| **Plaintiff-Intervenors and Consolidated Plaintiff-Intervenors,** | **Before: Claire R. Kelly, Judge** |
| **v.** | **Consol. Court No. 17-00173** |
| **UNITED STATES,** | |
| **Defendant,** | |
| **and** | |
| **SOLARWORLD AMERICAS, INC. ET AL.,** | |
| **Defendant-Intervenor and Consolidated Defendant-Intervenors.** | |

## MEMORANDUM AND ORDER

[Denying Plaintiff-Intervenor's motion to file out of time new factual information related to U.S. Department of Commerce's remand redetermination.]

Dated: October 1, 2019

Adams Chi-Peng Lee, Harris Bricken McVay Sliwoski LLP, of Seattle, WA, for Ningbo Qixin Solar Electrical Appliance Co., Ltd.

Joshua Ethan Kurland, Trial Attorney, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, of Washington, DC., for defendant. With him on the brief were Joseph H. Hunt, Assistant Attorney General, Jeanne E. Davidson, Director, and Reginald T. Blades, Assistant Director. Of Counsel on the brief was Mercedes C. Morno, Senior

Attorney, Office of the Chief Counsel for Trade Enforcement and Compliance, U.S. Department of Commerce, of Washington, DC.

Timothy C. Brightbill, Wiley Rein, LLP, of Washington, DC, for SolarWorld Americas, Inc.

Before the court is Plaintiff-Intervenor Ningbo Qixin Solar Electrical Appliance Co. Ltd.'s ("Qixin") motion to file out of time new factual information related to the U.S. Department of Commerce's ("Commerce" or the "Department") Remand Results. Pl.-Intervenor's [Qixin's] Mot. Leave File Out of Time New Factual Info. Related DOC's Remand Redetermination, Aug. 14, 2019, ECF No. 120 ("Pl.-Intervenor's Mot."); see also Results of Redetermination Pursuant to Ct. Remand Order Confidential Version, July 15, 2019, ECF No. 110 ("Remand Results"). The United States ("Defendant") and Solarworld Americas, Inc. ("Defendant-Intervenor") oppose the motion. See Def.'s Resp. [Pl.-Intervenor's Mot.] Leave File Out of Time New Factual Info., Sept. 11, 2019, ECF No. 127 ("Def.'s Resp. Br."); [Def.-Intervenor] Solarworld Americas, Inc. Resp. [Pl.-Intervenor's Mot.], Sept. 11, 2019, ECF No. 128. For the following reasons, Plaintiff-Intervenor's motion is denied.

On July 15, 2019, Commerce filed its remand redetermination, issued pursuant to the court's order in Canadian Solar Int'l Ltd. v. United States, 43 CIT __, __, 378 F. Supp. 3d. 1292, 1325 (2019) requiring Commerce to reconsider or further explain its rejection of Qixin's separate rate application. See generally Remand Results. On remand, Commerce reopened the record and issued Qixin a supplemental questionnaire on May 2, 2019. See Letter from USDOC to Sandler, Travis Pertaining to Ningbo Qixin

Questionnaire, RPD 3, bar code 3829214-01 (May 2, 2019).[1]  Commerce requested that

Qixin provide information which would demonstrate whether Qixin had a sale or entry of

the subject merchandise during the period of review.  See id. at question 2.

On May 9, 2019, Qixin replied by letter, stating that it had been "unable to obtain

the information requested" and that "all of the information . . . is in the possession of the

United States government and official copies of all of these documents can be readily

obtained from [Customs and Border Protection]."  Resp. from Sandler, Travis &

Rosenberg, P.A. to Sec. of Commerce Pertaining to Ningbo Qixin Suppl. Questionnaire

at 1, RPD 5, bar code 3831452-01 (May 9, 2019) ("Qixin's Resp. to Suppl.

Questionnaire").  According to Qixin, its counsel submitted this response without Qixin's

knowledge and because of extenuating circumstances.[2]  Pl.-Intervenor's Mot. at 2–3.  On

June 9, 2019, Commerce issued its draft remand redetermination to the parties, in which

Commerce determined that Qixin was not eligible for a separate rate because it "failed to

provide conclusive evidence [that] it had a sale or shipment of subject merchandise[.]"

Mem. from USDOC to File Pertaining to Interested Parties Draft Results of Remand

Redetermination at 23, RPD 6, bar code 3850449-01 (June 19, 2019).  In its remand

---

[1] On July 26, 2019, Defendant filed on the docket the indices to the public and confidential administrative records of this review at ECF Nos. 112-2–3. All further references to documents from the administrative records are identified by the numbers assigned by Commerce in these indices.

[2] Qixin explained the claimed extenuating circumstances.  See Pl.-Intervenor's Mot. at 2–3. Commerce issued the supplemental questionnaire during May Day, an official public holiday in the People's Republic of China that fell on May 1–4, 2019.  Id. at 2.  Due to "[m]iscommunication" between Qixin and its counsel, Qixin believed the deadline to respond to Commerce's supplemental questionnaire to be Monday, May 6, 2019 rather than Thursday, May 9, 2019. Id. at 2–3. Consequently, Qixin believed that it would be "unable to respond to the Department's supplemental questionnaire response," since "its U.S. importers were unavailable to assist over the weekend." Id.

redetermination, Commerce continued to find that Qixin was not eligible for a separate rate.  See Remand Results at 15–23.  Qixin now requests leave from the court to file new factual information pertinent to Commerce's denial of separate rate status.  See Pl.-Intervenor's Mot at 1.

Judicial review of a remand redetermination is based on the administrative record of the proceeding.  See section 516A(b)(2)(A) of the Tariff Act of 1930, as amended, 19 U.S.C. § 1516a(b)(A) (2012).[3]  That record consists of, inter alia, "a copy of all information presented . . . or obtained . . . during the course of the administrative proceeding[.]"  19 U.S.C. § 1516a(b)(2)(A)(i).  Commerce's regulations define admissible "factual information" and prescribe how and when parties may provide that information to the agency.  See 19 C.F.R. § 351.102(b)(21) (2019) (defining "factual information"); 19 C.F.R. § 351.301 (setting time limits and parameters governing how different categories of factual information are provided to the agency).

Generally, a court will not consider matters outside of that administrative record, unless the omission prevents effective judicial review.  See Axiom Res. Mgmt., Inc. v. United States, 564 F.3d 1374, 1379–80 (Fed. Cir. 2009) (citing Camp v. Pitts, 411 U.S. 138, 142 (1973); Murakami v. United States, 46 Fed. Cl. 731, 735 (2000), aff'd, 398 F.3d 1342 (Fed. Cir. 2005)).  "Limiting the court's review to the agency record furthers important efficiency and finality considerations."  Chemours Co. FC LLC v. United States, Slip Op. 19-82, 2019 WL 3205769, at *2 (CIT July 3, 2019) (citing Vt. Yankee Nuclear

---

[3] Further citations to the Tariff Act of 1930, as amended, are to the relevant provisions of the U.S. Code 2012 edition.

Power Corp. v. Nat'l Res. Def. Council, Inc., 435 U.S. 519, 554–55 (1978); Essar Steel

Ltd. V. United States, 678 F.3d 1268, 1277 (Fed. Cir. 2012)).  However, a reviewing court

will examine information outside of the administrative record when a party demonstrates

that there is a "reasonable basis to believe that materials considered by agency

decisionmakers are not in the record."  See Ammex Inc. v. United States, 23 CIT 549,

556, 62 F. Supp. 2d 1148, 1156 (1999); see also Saha Thai Steel Pipe Co. v. United

States, Ltd., 11 CIT 257, 259, 661 F. Supp. 1198, 1200 (1987).

Plaintiff-Intervenor does not allege that the omission of certain information

precludes the court's consideration of the Remand Results or that the record is

incomplete.  Nor does it allege that Commerce failed to consider materials that were on

the record.  Instead, Plaintiff-Intervenor now argues that, because it had "not adequately

respond[ed] to the Department's supplemental questionnaire[,]" the court should require

Commerce to consider materials that were not on the record.  Pl.-Intervenor's Mot. at 3.

Given that the court's review of the Remand Results only extends to the same world of

materials that Commerce reviewed, the court, here, cannot grant Qixin's request to file

new factual information.  See 19 U.S.C. § 1516a(b)(1)(B)(i) (judicial review of

Commerce's determinations in antidumping proceedings); see also 19 U.S.C.

§ 1516a(b)(2)(A) (record for review).

Moreover, Qixin's request to submit new factual information to the court

misapprehends the judicial review and administrative processes.  Qixin bore the burden

to populate the remand record with materials that would support its separate rate

application, including information responsive to Commerce's supplemental questionnaire

on remand.  See Ta Chen Stainless Steel Pipe, Inc. v. United States, 298 F.3d 1330, 1336 (Fed. Cir. 2002). If Qixin wishes to submit information in the administrative proceeding, it must do so in that proceeding.  See 19 C.F.R. § 351.104(a)(1) (defining the administrative record); see also Ammex, Inc., 62 F. Supp. 2d at 1153 ("[T]he administrative record . . . include[s] information that was directly or indirectly considered by the relevant agency decisionmakers[.]").  If Qixin requires additional time to submit this information, Commerce's regulations provide the opportunity to request an extension of time.   See 19 C.F.R. § 351.302(b) (extension of time for "good cause").  Qixin acknowledges that it did not make such a request.  See Pl.-Intervenor's Mot. at 3. If Qixin objects to Commerce's refusal to accept such information, it may challenge that rejection in the court in a USCIT R. 56.2 motion using any basis available to it.  See 19 U.S.C. § 1516a(b)(1).   Qixin cannot circumvent the administrative process through judicial review, and the court cannot now consider evidence that Commerce itself never considered.

Therefore, upon consideration of Plaintiff-Intervenor's motion to file out of time new factual information related to Commerce's remand redetermination, consideration of all other pertinent papers filed with the court, and upon due deliberation, it is

**ORDERED** that Plaintiff-Intervenor's motion is denied.

 /s/ Claire R. Kelly
Claire R. Kelly, Judge

Dated:October 1, 2019
          New York, New York