Slip Op. 20-134

# UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| CANADIAN SOLAR INTERNATIONAL LIMITED ET AL., | |
|     Plaintiffs and Consolidated Plaintiffs, | |
| and | |
| SHANGHAI BYD CO., LTD. ET AL., | Before: Claire R. Kelly, Judge |
|     Plaintiff-Intervenors and Consolidated Plaintiff-Intervenors, | Consol. Court No. 17-00173 |
| v. | |
| UNITED STATES, | |
|     Defendant, | |
| and | |
| SOLARWORLD AMERICAS, INC. ET AL., | |
|     Defendant-Intervenor and Consolidated Defendant-Intervenors. | |

**OPINION AND ORDER**

[Granting Plaintiffs' motion for reconsideration.]

Dated: September 14, 2020

Craig A. Lewis, Jonathan T. Stoel, and Lindsay K. Brown, Hogan Lovells US LLP, of Washington, DC, for Canadian Solar International Limited; Canadian Solar Manufacturing (Changshu), Inc.; Canadian Solar Manufacturing (Luoyang), Inc.; CSI Solar Power (China) Inc.; CSI-GCL Solar Manufacturing (YanCheng) Co., Ltd.; CSI Cells Co., Ltd.; Canadian Solar (USA), Inc.; and Shanghai BYD Co., Ltd.

Adams Chi-Peng Lee, Harris Bricken McVay Sliwoski, LLP, of Washington, DC, for Ningbo Qixin Solar Electrical Appliance Co., Ltd.

Robert George Gosselink, Jarrod Mark Goldfeder, and Jonathan M. Freed, Trade Pacific, PLLC, of Washington, DC, for Changzhou Trina Solar Energy Co., Ltd.; Trina Solar (Changzhou) Science & Technology Co., Ltd.; Yancheng Trina Solar Energy Technology Co., Ltd.; Changzhou Trina Solar Yabang Energy Co., Ltd.; Turpan Trina Solar Energy Co., Ltd.; Hubei Trina Solar Energy Co., Ltd.; and Trina Solar (U.S.) Inc.

Richard L.A. Weiner, Rajib Pal, Shawn M. Higgins, and Justin R. Becker, Sidley Austin, LLP, of Washington, DC, for Yingli Green Energy Holding, Co., Ltd.; Baoding Tianwei Yingli New Energy Resources Co., Ltd.; Tianjin Yingli New Energy Resources Co., Ltd.; Hengshui Yingli New Energy Resources Co., Ltd.; Lixian Yingli New Energy Resources Co., Ltd.; Baoding Jiasheng Photovoltaic Technology Co., Ltd.; Beijing Tianneng Yingli New Energy Resources Co., Ltd.; Hainan Yingli New Energy Resources Co., Ltd.; Shenzhen Yingli New Energy Resources Co., Ltd.; Yingli Green Energy International Trading Co., Ltd.; Yingli Green Energy Americas, Inc.; and Yingli Energy (China) Co., Ltd.

Timothy C. Brightbill Cynthia Cristina Galvez, Laura El-Sabaawi, Maureen Elizabeth Thorson, Stephanie Manaker Bell, and Tessa Victoria Capeloto, Wiley Rein LLP, of Washington, DC, for SolarWorld Americas, Inc.

Joshua E. Kurland, Trial Attorney, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, of Washington, DC, for defendant. Also on the brief were Ethan P. Davis, Acting Assistant Attorney General, Jeanne E. Davidson, Director, and Reginald T. Blades, Jr., Assistant Director. Of counsel on the brief was Ian McInerney, Office of the Chief Counsel for Trade Enforcement and Compliance, U.S. Department of Commerce, of Washington, DC.

      Kelly, Judge: Plaintiffs Canadian Solar International Limited; Canadian Solar (USA), Inc.; Canadian Solar Manufacturing (Changshu), Inc.; Canadian Solar Manufacturing (Luoyang), Inc.; CSI Cells Co., Ltd.; CSI-GCL Solar Manufacturing

(YanCheng) Co., Ltd.; and CSI Solar Power (China) Inc. (collectively, "Plaintiffs" or "Canadian Solar") move for reconsideration of Canadian Solar Int'l Ltd. v. United States, 44 CIT __, Slip Op. 20-83 (June 15, 2020) ("Canadian Solar III") in light of the Court of Appeals for the Federal Circuit's ("Court of Appeals") intervening decision in SolarWorld Americas, Inc. v. United States, 962 F.3d 1351 (Fed. Cir. 2020) ("SolarWorld"). See [Pls.'] Mot. for Reconsideration & Memo. Supp. 59(e) Mot. for Reconsideration or 60(b) Mot. for Relief from Judgment, July 14, 2020, ECF No. 160 ("Pls.' Mot." and "Pls.' Br.", respectively). Defendant does not object to the motion. See Def.'s Resp. [Pls.' Mot.] at 1, Aug. 14, 2020, ECF No. 166 ("Def.'s Resp. Br."). For the following reasons, the court grants Canadian Solar's motion for reconsideration.

## BACKGROUND

The court presumes familiarity with the facts of this case as set out in its previous opinions ordering remand to the U.S. Department of Commerce ("Commerce"), and recounts those relevant to disposition of this motion. See Canadian Solar Int'l Ltd. v. United States, 43 CIT __, __, 378 F. Supp. 3d 1292, 1298–1300 (2019) ("Canadian Solar I"); see also Canadian Solar Int'l Ltd. v. United States, 43 CIT __, 415 F. Supp. 3d 1326, 1329–31 (2019). On June 27, 2017, Commerce published its final determination in its third administrative review of the antidumping duty ("ADD") order on crystalline silicon photovoltaic products, whether or not assembled into modules, from the People's Republic of China ("China" or "the PRC"). See Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled Into

Modules, From the People's Republic of China, 82 Fed. Reg. 29,033 (Dep't Commerce June 27, 2017) (final results of [ADD] admin. review and final determination of no shipments; 2014-2015) ("Final Results") and accompanying Issues and Decision Memorandum for the Final Results of the 2014-2015 [ADD] Administrative Review of Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled into Modules, From [the PRC], A-570-979, (June 20, 2017), ECF No. 44-5 ("Final Decision Memo").

Plaintiffs challenged the Final Results, submitting, inter alia, that Commerce's decision to use Thai import data published by the Global Trade Atlas ("Thai import data") to value Canadian Solar's nitrogen input was unsupported by substantial evidence because the data was aberrational and unreliable. See Canadian Solar I, 43 CIT __, 378 F. Supp. 3d at 1310. The court disagreed, sustaining Commerce's use of the Thai import data, but remanding the Final Results on separate grounds. Id. at __, 378 F. Supp. 3d at 1325. On June 15, 2020, the court sustained Commerce's second remand redetermination, and judgment entered accordingly. See generally Canadian Solar III, 44 CIT __, Slip Op. 20-83; Judgment, June 15, 2020 ECF No. 158.

On June 24, 2020, the Court of Appeals issued SolarWorld, where it held that Commerce failed to sufficiently justify its reliance on Thai import data to value Changzhou Trina Solar Energy Co., Ltd.'s ("Trina") nitrogen input in the previous administrative review of the same ADD order, and vacated in part this Court's judgment sustaining Commerce's final determination. See SolarWorld, 962 F.3d at 1356–59. Plaintiffs' motion for reconsideration ensued.

## JURISDICTION AND STANDARD OF REVIEW

This court has jurisdiction pursuant to Section 516 of the Tariff Act of 1930, as amended, 19 U.S.C. § 1516a(a)(2)(B)(iii) (2012)[1] and 28 U.S.C. § 1581(c), which grant the court authority to review actions contesting the final determination in an administrative review of an ADD order.

Under U.S. Court of International Trade Rule 1 and Rule 59, the decision to grant a motion for reconsideration rests within the sound discretion of the court. See Yuba Natural Res., Inc. v. United States, 904 F.2d 1577, 1583 (Fed. Cir. 1990). Grounds for granting such a motion include "an intervening change in the controlling law, the availability of new evidence, the need to correct a clear factual or legal error, or the need to prevent manifest injustice." Ford Motor Co. v. United States, 30 CIT 1587, 1588 (2006); see also Nan Ya Plastics Corp., Am. v. U.S., 37 CIT, 670, 671, 916 F. Supp. 2d 1376, 1378 (2013) ("Nan Ya Plastics").

## DISCUSSION

Canadian Solar submits that the Court of Appeals' decision in SolarWorld constitutes binding, intervening authority that clarifies legal principles directly relevant to this court's decision to sustain Commerce's reliance on Thai import data to value its nitrogen inputs as supported by substantial evidence in this review. See Pls.' Br. at 7–14; see also SolarWorld, 962 F.3d at 1356–59; Canadian Solar I, 43 CIT

---

[1] Further citations to the Tariff Act of 1930, as amended, are to the relevant provisions of Title 19 of the U.S. Code, 2012 edition.

at __, 378 F. Supp. 3d at 1310–13.  Defendant does not object to Plaintiffs' motion, see Def.'s Resp. Br. at 1, albeit with two qualifications.  First, Defendant urges that any remand to Commerce be consistent with the Court of Appeals' instruction that Commerce "either adequately explain why the Thai {Global Trade Atlas} data is not aberrational" or "adopt an alternative surrogate value for Trina's nitrogen input." Def.'s Resp. Br. at 2 (quoting SolarWorld, 962 F.3d at 1358–59).  Second, Defendant submits that the court "should not require recalculation of rates for parties other than those challenging their rates in this litigation."  Id. (citations omitted).  Canadian Solar concurs with Defendant's requests.  See Pls.' Reply to [Def.'s Resp. Br.] at 2, Aug. 24, 2020, ECF No. 169.

A party may move the court "'to correct a significant flaw in the original judgment' by directing the court to review material points of law or fact previously overlooked[.]"  RHI Refractories Liaoning Co. v. United States, 35 CIT __, __, 752 F. Supp. 2d 1377, 1380 (2011) (quoting United States v. UPS Customhouse Brokerage, Inc., 34 CIT 745, 748, 714 F. Supp. 2d 1296, 1301 (2010)).  "An intervening change in the controlling law is one of the recognized grounds upon which motions for rehearing have been granted."  Nan Ya Plastics, 37 CIT at 671, 916 F. Supp. 2d at 1378.

Reconsideration is necessary in this instance because SolarWorld constitutes an intervening change in controlling law that relates to whether Commerce's determination was supported by substantial evidence.  Although the court in Canadian Solar I held that Commerce reasonably explained why the Thai import data

was reliable for purposes of valuing Canadian Solar's nitrogen input, see 43 CIT at __, 378 F. Supp. 3d at 1310–13, the Court of Appeals in SolarWorld held that Commerce's reliance on Thai import data in the previous administrative review was insufficiently justified, and that it appeared to be contrary to agency practice. See 962 F.3d at 1357–59. The Court of Appeals' holding implicates this court's holding in Canadian Solar I, and although it may not necessarily require Canadian Solar's success on the merits, further hearing on the matter is necessary to avoid manifest error. See, e.g., Nan Ya Plastics, 37 CIT at 671–73, F. Supp. 2d at 1378–80 ("In deciding to vacate the judgment . . . we do not decide that there necessarily is merit in plaintiff's statutory claims."). Namely, the Court of Appeals questioned Commerce's practice of determining whether the Thai import data was aberrational, likening it to a bookend methodology that unreasonably fails to account for considerable differences in import volume between surrogate countries. See SolarWorld, 962 F.3d at 1357–59  Moreover, the Court of Appeals questioned Commerce's refusal to consider the U.S. International Trade Commission's export data relating to the same imports reported in the Global Trade Atlas data, noting significant disparities between the two sources, and holding that Commerce's cited regulatory preference not to rely on export data does not sufficiently address the fact that both sources cannot be correct. See id. As such, the court reconsiders its holding that Commerce's reliance on Thai import data is reasonable in light of the law as

clarified by the Court of Appeals and remands the determination for further explanation or reconsideration of Commerce's selection of the Thai import data.

Regarding calculation of the separate rates, 19 U.S.C. § 1675(a)(2)(C) provides that the determination resulting from administrative review of an ADD order "shall be the basis for the assessment . . . of antidumping duties on entries of merchandise covered by the determination and for deposits of estimated duties." Notwithstanding Defendant and Canadian Solar's agreement that the court need not instruct Commerce to recalculate the rates of parties not subject to this litigation, Commerce shall conduct its remand redetermination in accordance with § 1675(a)(2)(C), and shall explain the lawfulness of the separate rates resulting from any changes to its methodology on remand.

## CONCLUSION

For the foregoing reasons, it is

**ORDERED** that Plaintiffs' motion is granted; and it is further

**ORDERED** that the court's Judgment, see ECF No. 158, sustaining Commerce's second remand redetermination with respect to its third administrative review of the antidumping duty order covering crystalline silicon photovoltaic cells, whether or not assembled into modules, from the people's republic of china, see 82 Fed. Reg. 29,033 (Dep't Commerce June 27, 2017) (final results of [ADD] review and final determination of no shipments; 2014-2015) is vacated; and it is further

**ORDERED** that, consistent with the Court of Appeals' instruction in SolarWorld Americas, Inc. v. United States, 962 F.3d 1351 (Fed. Cir. 2020), the case is remanded for Commerce to "either adequately explain why the Thai {Global Trade Atlas} data is not aberrational" or "adopt an alternative surrogate value for [Canadian Solar's] nitrogen input"; and it is further

**ORDERED** that Commerce shall recalculate Canadian Solar's dumping margin to reflect any changes to its selection of a surrogate value for Canadian Solar's nitrogen factor of production and make any other recalculations as required by law; and it is further

**ORDERED** that Commerce shall recalculate the separate rates to the extent required by law and explain its determination; and it is further

**ORDERED** that Commerce shall file its third remand redetermination with the court within 60 days of this date; and it is further

**ORDERED** that the parties shall have 30 days thereafter to file comments; and it is further

**ORDERED** that the parties shall have 30 days thereafter to file replies to comments on the remand redetermination; and it is further

**ORDERED** that the parties shall have 14 days thereafter to file the Joint Appendix; and it is further

Consol. Court No. 17-00173 Page 10

**ORDERED** that Commerce shall file the administrative record within 14 days of the date of filing of its remand redetermination.

                                                                   /s/ Claire R. Kelly
                                                             Claire R. Kelly, Judge

Dated:       September 14, 2020
               New York, New York