UNITED STATES COURT OF INTERNATIONAL TRADE

|  |  |
|---|---|
| CANADIAN SOLAR INTERNATIONAL LIMITED ET AL., <br><br>    Plaintiffs and Consolidated Plaintiffs, <br><br>  and <br><br>SHANGHAI BYD CO., LTD. ET AL., <br><br>    Plaintiff-Intervenors and <br>    Consolidated Plaintiff-Intervenors, <br><br>v. <br><br>UNITED STATES, <br><br>    Defendant, <br><br>  and <br><br>SOLARWORLD AMERICAS, INC. ET AL., <br><br>    Defendant-Intervenor and <br>    Consolidated Defendant-Intervenors. | Before: Honorable Claire R. Kelly, Judge <br><br> Consol. Case No. 17-00173 |

**CONSENT MOTION TO SEVER MEMBER CASE, ENTER JUDGMENT, AND TERMINATE PRELIMINARY INJUNCTIONS**

Pursuant to Rule 7(b) of the Rules of this Court, Changzhou Trina Solar Energy Co., Ltd.; Trina Solar (Changzhou) Science & Technology Co., Ltd.; Yancheng Trina Solar Energy Technology Co., Ltd.; Changzhou Trina Solar Yabang Energy Co., Ltd.; Turpan Trina Solar Energy Co., Ltd.; Hubei Trina Solar Energy Co., Ltd.; and Trina Solar (U.S.) Inc., (collectively "Trina"), Consolidated Plaintiffs in the above-captioned consolidated action, hereby move the Court to issue an Order (1) severing member case CIT Case No. 17-00197, <u>Changzhou Trina</u>

**Motion**                                                                 **Consol. Case No. 17-00173**

Solar Energy Co., Ltd. et al v. United States, from the above-captioned consolidated action; (2) entering the court's Judgment Order, ECF No. 158, (June 15, 2020) that accompanied the court's decision in Canadian Solar Int'l Ltd. v. United States, 43 CIT __, 448 F. Supp. 3d 1333 (2020) as to the antidumping duty rate determined for Trina; (3) ordering Trina's subject entries to be liquidated in accordance with the final decision in Canadian Solar Int'l Ltd. v. United States, 43 CIT __, 448 F. Supp. 3d 1333 (2020); (4) dissolving the preliminary injunction against Trina's entries entered in the consolidated case Ct. No. 17-00197, see Order, Aug. 1, 2017, ECF No. 16 in CIT Case No. 17-00197; and (5) amending to remove Trina from its coverage the preliminary injunction against Trina's entries entered in the consolidated case Ct. No. 17-00200, see Order, Aug. 30, 2017, ECF No. 15 in CIT No. 17-00200.

**Parties and Consultation**

On April 21, 2021, Tara Hogan for the U.S. Department of Justice, counsel for the defendant the United States, consented to this motion.  On April 15, 2021, John Magnus, counsel for SolarWorld Americas, Inc. ("SolarWorld"), defendant-intervenor in 17-00197 and 17-0073 and consolidated plaintiff in 17-00173, and plaintiff in 17-00200 consented to this motion.  On April 14, 2021,  Jonathan Stoel, counsel for Canadian Solar[1], plaintiff-intervenors in 17-00197 and plaintiffs in 17-00173, consented to this motion. On April 14, 2021,  Craig Lewis, counsel for Shanghai BYD Co., Ltd. ("BYD"), plaintiff-intervenor in 17-00197 and consolidated plaintiff in 17-00173, consented to this motion. On April 14, 2021, Richard Weiner, counsel for Yingli[2],

---

[1] Specifically, Canadian Solar International Limited, Canadian Solar (USA) Inc., Canadian Solar Manufacturing (Changshu), Inc., Canadian Solar Manufacturing (Luoyang), Inc., CSI Cells Co., Ltd., CSI-GCL Solar Manufacturing (YanCheng) Co., Ltd., CSI Solar Power (China) Inc. (collectively, "Canadian Solar").

[2] Specifically, Yingli Green Energy Holding Co., Ltd., Yingli Green Energy Americas, Inc., Yingli Energy (China) Co., Ltd., Baoding Tianwei Yingli New Energy Resources Co., Ltd., Tianjin Yingli New Energy Resources Co., Ltd., Hengshui Yingli New Energy Resources Co., Ltd., Lixian Yingli New Energy Resources Co., Ltd., Baoding Jiasheng Photovoltaic Technology Co., Ltd., Beijing Tianneng Yingli New Energy Resources Co., Ltd., Hainan Yingli New Energy Resources Co., Ltd., Shenzhen Yingli New Energy Resources Co., Ltd., Yingli Green Energy International Trading Co., Ltd. (collectively, "Yingli").

**Motion**                                                                 Consol. Case No. 17-00173

plaintiff-intervenor in 17-00197 and 17-00173, consented to this motion. On April 14, 2021, Adams Lee, counsel for Ningbo Qixin Solar Electrical Appliance Co., Ltd. ("Qixin"), consolidated plaintiff in 17-00173, consented to this motion.

**Background**

On June 27, 2017, Commerce published its final determination in its third administrative review of the antidumping duty ("ADD") order on crystalline silicon photovoltaic cells, whether or not assembled into modules, from the People's Republic of China ("China" or "the PRC"). See Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled Into Modules, From the People's Republic of China, 82 Fed. Reg. 29,033 (Dep't Commerce June 27, 2017) (final results of [ADD] admin. review and final determination of no shipments; 2014-2015) ("Final Results") and accompanying Issues and Decision Memorandum for the Final Results of the 2014-2015 [ADD] Administrative Review of Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled into Modules, From [the PRC], A-570-979, (June 20, 2017), ECF No. 44-5 ("Final Decision Memo").

Plaintiff, Trina, opened the civil action CIT Case No. 17-00197 challenging several aspects of the Final Results. On August 29, 2017, SolarWorld intervened in Trina's action as defendant-intervenor. See Motion to Intervene, ECF No. 9, Aug. 29, 2017, in CIT Case No 17-00197. Canadian Solar, BYD, and Yingli each individually intervened in Trina's action as plaintiff-intervenors. See ECF Nos. 17, 23, and 33 in CIT Case No 17-197.[3] Plaintiff, SolarWorld, also opened a civil action CIT Case No. 17-00200 challenging several aspects of the Final Results.

---

[3] As indicated by the Consolidated Case No caption, Canadian Solar opened its own challenge, Canadian Solar International Limited, et al. v. United States, Case No. 17- 00173. In addition, BYD opened its own challenge, • Shanghai BYD Co., Ltd. v. United States, Case No. 17-00193.

3

**Motion**                                                                                          **Consol. Case No. 17-00173**

On September 26, 2017, six cases challenging the Final Results were consolidated under the above-captioned CIT Consol. Case No. 17-00173. See Consolidation Order, ECF No. 41, Sep. 26, 2017, in CIT Consol. Case No. 17-00173.

In the first opinion issued by the Court, the Court sustained Commerce's Final Results with respect to all challenges brought by SolarWorld contesting the surrogate values for aluminum frames, polysilicon ingots and blocks, and financial ratios. See Canadian Solar Int'l Ltd. v. United States, 43 CIT __, 378 F. Supp. 3d 1292, 1335 ("Canadian Solar I"). The Court also sustained Commerce's Final Results for all issues challenged by Trina except for Trina's challenge to the surrogate value assigned to module glass. For that issue, the Court remanded for Commerce to reconsider or further explain the surrogate value selection for valuing Trina's and Canadian Solar's module glass. Id.

In Commerce's first remand results, Commerce recalculated the antidumping duty rate for the exporter respondents, Trina and Canadian Solar, using a different surrogate to value respondents' module glass resulting in a zero percent antidumping duty rate for Trina. See Results of Remand Redetermination Pursuant to Ct. Remand Order Public Version, July 15, 2019, ECF No. 111, page 34 ("Remand Results I").

In the second opinion issued by the Court, the Court sustained Commerce's selection of the surrogate value for module glass in the Remand Results I and remanded on other issues. Canadian Solar Int'l Ltd. v. United States, 43 CIT __, __, 415 F. Supp. 3d 1326, 1335 (2019) ("Canadian Solar II").

In Commerce's second remand results, Commerce recalculated the antidumping duty rate for Canadian Solar and Trina's antidumping duty rate remained zero percent. See Results of

4

| Motion | Consol. Case No. 17-00173 |
|---|---|

Remand Redetermination Pursuant to Ct. Remand Order Public Version, Feb. 11, 2020, ECF No. 147 ("Remand Results II").

In the third opinion issued by the Court, the Court sustained Commerce's recalculated rate for Canadian Solar in the Remand Results II and entered judgment in the consolidated action.  See Canadian Solar Int'l Ltd. v. United States, 43 CIT __, 448 F. Supp. 3d 1333, 1340 (2020) ("Canadian Solar III"), and Judgment Order, June 15, 2020, ECF No. 158.

On August 13, 2020, Canadian Solar entered a Notice of Appeal of the Judgment in Canadian Solar III to the Court of Appeals for the Federal Circuit ("Court of Appeals"). See Notice of Appeal, (Aug. 13, 20202), ECF No. 164.  On August 14, 2020, Qixin entered a Notice of Appeal of the Judgment in Canadian Solar III to the Court of Appeals. See Notice of Appeal, (Aug. 14, 20202), ECF No. 165.  The defendant, the United States, and the defendant-intervenor, SolarWorld, did not appeal the Judgment relating to the third antidumping duty administrative review that accompanied Canadian Solar III to the Court of Appeals.  Thus, the final judgment with respect to the zero percent antidumping duty rate determined for Trina was not appealed to the Court of Appeals.

On July 14, 2020, Canadian Solar filed a Motion for Reconsideration of the Judgment in Canadian Solar III.  Motion for Reconsideration, (July 14, 2020), ECF No. 160.  Canadian Solar sought reconsideration of the Court's June 15, 2020 final judgment in CIT Consol. Case No. 17-00173 due to the Court of Appeals decision in SolarWorld Americas, Inc. v. United States, et al., 962 F.3d 1351, 1358-59 (Fed. Cir. 2020) ("SolarWorld"), an appeal of the second administrative review of the antidumping duty order on photovoltaic cells, whether or not assembled into modules, from China.  In that opinion, the Court of Appeals found that Commerce's decision in

the second administrative review to use Thai import data published by the Global Trade Atlas ("Thai import data") to value Trina's nitrogen input was unsupported by substantial evidence. Id.

On September 14, 2020, this court granted the motion for reconsideration and ordered that the court's Judgment, ECF No. 158, was vacated. See Slip Op. 20-134, ECF No. 171, at 8-9 ("Third Remand Order"). The court further ordered and remanded for Commerce to "either adequately explain why the Thai {Global Trade Atlas} data is not aberrational" or "adopt an alternative surrogate value for {Canadian Solar's} nitrogen input" taking into consideration the Court of Appeal's instruction in SolarWorld and to recalculate Canadian Solar's dumping margin if a different surrogate value is chosen. Id., at 9. The order did not instruct for any recalculation of the antidumping margin for Trina because Trina's margin was already zero percent.

Trina did not oppose Canadian Solar's motion for reconsideration because, at that time, Trina's entries during the period December 1, 2014 through November 30, 2015 (i.e., the third antidumping duty administrative review period) were also suspended pursuant to on-going litigation pertaining to the third countervailing duty administrative review covering entries in calendar year 2014 and the fourth countervailing duty administrative review covering entries in calendar year 2015. See Changzhou Trina Solar Energy Co., Ltd. et al v. United States, CIT Consol. Case No. 17-198 ("Trina Solar") (covering the third CVD administrative review) and Canadian Solar Inc. et al v. United States, CIT Consol. Case No. 18-184, ("Canadian Solar-CVD") (covering the fourth CVD administrative review). Both Trina Solar and Canadian Solar-CVD addressed issues that Trina expected to be appealed to the Court of Appeals regardless of how they were decided at the Court of International Trade. Thus, at the time of Canadian Solar's motion for reconsideration and the Court's order vacating the judgment in Canadian Solar III, Trina did not have a reason to oppose the motion since its antidumping entries during the period

December 2014 through November 2015 would not liquidate until all appeals were exhausted in both Trina Solar and Canadian Solar-CVD.

However, judgment was entered in Trina Solar on August 4, 2020.  See Judgment for Slip Op 20-108, ECF No. 160, Aug. 4, 2020, in Trina Solar, CIT Consol. Case No. 17-00198-JAR. No parties appealed this judgment to the Court of Appeals.

Similarly, judgment was entered in Canadian Solar-CVD on October 19, 2020.  See Judgment for Slip Op 20-149, ECF No. 115, Oct. 19, 2020, in Canadian Solar-CVD, CIT Consol. Case No. 18-00184-JAR. The only party to appeal the judgment in Canadian Solar-CVD, was Canadian Solar and its claims do not relate to the countervailing duty rate for Trina. Thus, by the end of 2020, Trina's entries from December 2014 through November 30, 2015 were no longer suspended pursuant to Trina Solar or Canadian Solar-CVD.

**Relevance of Remand Proceeding to Trina**

As explained above, when Commerce selected a different surrogate value for module glass, Trina's antidumping duty rate was determined to be zero percent.  See Canadian Solar II, 43 CIT __, __, 415 F. Supp. 3d 1326, 1335 (2019).  Because Trina's antidumping duty rate was reduced to zero percent with the new module glass surrogate value and no party challenged the new module glass surrogate value to the Court of Appeals, the issue of whether the surrogate value that Commerce selected for nitrogen is supported by substantial evidence for purposes of the third administrative review as applied to Trina is moot.

On January 13, 2021, the defendant filed its final results of remand redetermination pursuant to the Third Remand Order.  See Final Results of Redetermination Pursuant to Court Remand, Canadian Solar International Limited, et al. v. United States, Consol. Case No. 17-00173 (CIT September 14, 2020), ECF No. 180, Jan. 13, 2021 ("Remand Results III").  On

**Motion**                                                              **Consol. Case No. 17-00173**

February 24, 2021, Trina filed comments on the Remand Results III to acknowledge that Commerce's Remand Results III were not relevant to Trina.  See Letter In Lieu of Comments on Remand Results, (Feb. 24, 2021), ECF No. 182.  In responses to comments on the remand results, no party challenged Trina's statement regarding the irrelevance of the Remand Results III to Trina's entries.  See Reply to comments on remand results by Defendant, March 26, 2021, ECF No. 185.

Because (1) the Remand Results III will not change the antidumping duty rate for Trina and (2) no party appealed to the Court of Appeals the zero percent antidumping duty rate determined for Trina that was sustained in Canadian Solar III, the final judgment that accompanied Canadian Solar III should be entered *nunc pro tunc* as to Trina and its entries liquidated in accordance with that final court decision.  By consenting to this motion, all parties expressing waive any right to appeal the final court decision as to Trina's exports only.   To effectuate this outcome, Trina moves that the Court:

1. order that Changzhou Trina Solar Energy Co., Ltd v. United States, Court No. 17-00197 be severed from the above-captioned consolidated action; and

2. order that that the court's Judgment Order, ECF No. 158, (June 15, 2020) that accompanied the court's decision in Canadian Solar Int'l Ltd. v. United States, 43 CIT __, 448 F. Supp. 3d 1333 (2020) be entered *nunc pro tunc* as to the antidumping duty rate determined for Trina; and

3. order Trina's subject entries to be liquidated in accordance with the final decision in Canadian Solar Int'l Ltd. v. United States, 43 CIT __, 448 F. Supp. 3d 1333 (2020), including all appeals which are already foregone, as provided in Section 516A(e) of the Tariff Act of 1930, as amended, 19 U.S.C. § 1516a(2) (2012); and

4. order that the Preliminary Injunction Order enjoining liquidation of entries exported by Trina and entered, or withdrawn from warehouse, for consumption during the period December 1, 2014, through November 30, 2015 (*Preliminary Injunction Order*, ECF No. 16, Sep. 1, 2017, in <u>Changzhou Trina Solar Energy Co., Ltd v. United States,</u> Court No. 17-00197) be **DISSOLVED** effective as of the date of signing of the order; and

5. order that the Preliminary Injunction Order enjoining liquidation of entries exported by Trina and entered, or withdrawn from warehouse, for consumption during the period December 1, 2014, through November 30, 2015 (*Preliminary Injunction Order*, ECF No. 15, Aug. 30, 2017, in <u>SolarWorld Americas, Inc. v. United States,</u> Court No. 17-00200) be **AMENDED** to remove Trina from its coverage effective as of the date of signing of the order.

A proposed order in Consol. Case No. 17-00173 and a proposed order in Case No. 17-00197 accompanies this motion.

Respectfully submitted,

/s/ Jonathan M. Freed
Robert G. Gosselink
Jonathan M. Freed

**TRADE PACIFIC PLLC**
700 Pennsylvania, Ave, SE, Ste. 500
Washington, DC  20003
jfreed@tradepacificlaw.com
Tel: (202) 223-3760

April 21, 2021                                    Counsel for Trina